1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT FOR THE

7                     EASTERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA,        )        No. CR-F-06-311 OWW
                                     )
10                                   )        MEMORANDUM DECISION AND
                                     )        ORDER DENYING PETITIONER'S
11                 Plaintiff/        )        MOTION THAT COURT ORDER
                   Respondent,       )        DEFENSE COUNSEL TO SUPPLY
12                                   )        PETITIONER WILL ALL
             vs.                     )        REQUESTED LEGAL DOCUMENTS
13                                   )
                                     )
14  FERNANDO PONCE GARCIA,           )
                                     )
15                                   )
                   Defendant/        )
16                 Petitioner.       )
                                     )
17  _____ )

18        On March 5, 2010, Petitioner Fernando Ponce Garcia,

19  proceeding *in pro per*, filed a "Pro Se Motion to Request That

20  This Honorable Court 'Order' Counsel Michael J. McGinnis to

21  Supply Defendant with All the Requested Legal Documents."  By

22  this motion, Petitioner seeks an order that Mr. McGinnis or the

23  Clerk of the Court provide copies of the Indictment; any and all

24  *Brady* material; any motions filed for and against Petitioner, the

25  United States' response, and the Court's Orders; the Plea

26  Agreement; a copy of "Defendant's 'Change of Plea'"; the

                                    1

1    Presentence Investigation Report; sentencing transcripts; and the

2    Judgment.

3        Petitioner asserts that prison officials at FCC Coleman-

4    Medium Prison advised him on January 11, 2010 that he is serving

5    a 228 month sentence and that he was "lead to believe by the

6    District Court's interpreter that Defendant was only receiving a

7    prison sentence of 168 Months (14 Years) of Imprisonment."

8    Petitioner makes this motion so that he "can properly prepare a

9    Legal Argument to present to this Honorable Court in behalf of

10   the misleading advice of the 'Interpreter' along with Counsel

11   Michael J. McGinnis, that lead Defendant to believe that

12   Defendant was only serving a Prison Sentence of 168 Months (14

13   Years) instead of the 228 Month Prison Sentence (19 Years) that

14   Defendant is now serving."

15       Petitioner was charged with conspiracy to distribute and

16   possess methamphetamine with intent to distribute in violation of

17   21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 (Count One);

18   possession of methamphetamine with intent to distribute in

19   violation of Sections 841(a)(1) and (b)(1)(A) (Count Two); and

20   possession of a firearm in furtherance of a drug trafficking

21   crime in violation of 18 U.S.C. § 924(c) (Count Three).

22   Petitioner pleaded guilty pursuant to a written Plea Agreement to

23   Counts One and Three.  Petitioner specifically agreed:

24              The defendant is aware that Title 18, United
                States Code, Section 3742 affords a defendant
25              the right to appeal the sentence imposed.
                Acknowledging this, the defendant knowingly
26              waives the right to appeal his conviction or

1

> any sentence (or the manner in which that
> sentence was determined) which is in
> accordance with the maximum provided in Title
> 21, United States Code, Sections 846,
> 841(a)(1) and (b)(1)(A), and Title 18,
> Section 924(c) on the grounds set forth in
> Title 18, United States Code, Section 3742 or
> on any ground whatever, in exchange for the
> concessions made by the United States in this
> plea agreement.  The defendant also waives
> his right to challenge his conviction,
> sentence or the manner in which it was
> determined in any post-conviction attack,
> including but not limited to a motion brought
> under Title 28, United States Code, Sections
> 2241 or 2255.

The Plea Agreement specifically advised Petitioner that the

sentence for Count One is a mandatory minimum of ten years (120

months) and that the sentence for Count Three is a mandatory

minimum of five years (60 months).  The Presentence Investigation

Report recommended a sentence of 168 months as to Count One and

60 months as to Count Three to be served consecutive to the

sentence imposed on Count One, for a total term of imprisonment

of 228 months.  Petitioner was sentenced on December 8, 2008 to

168 months as to Count One and 60 months as to Count Three, to

run consecutive to Count One.  The Judgment provides:

> The defendant is hereby committed to the
> custody of the United States Bureau of
> Prisons to be imprisoned for a total term of
> <u>228 months (with 168 months custody as to
> count 1 and 60 months custody as to count 3
> which will run consecutive to count 1)</u>.

     Whether the interpreter incorrectly translated the sentence

imposed on Petitioner does not provide a basis for ordering

either Mr. McGinnis or the Clerk of the Court to provide the

requested copies to Petitioner.  Petitioner was advised in the

3

1   Plea Agreement and the Presentence Investigation Report that his

2   sentence on Count Three would run consecutive to the sentence on

3   Count One.   Petitioner makes no claim that he did not understand

4   the Plea Agreement or the Presentence Investigation Report.   The

5   sentence that was imposed is valid under the law and Petitioner

6   does not claim otherwise.

7        Certain of the requested copies have no relevance to

8   Petitioner's claim that the interpreter misstated the sentence

9   imposed, i.e., the Indictment; any and all *Brady* material; any

10  motions filed for and against Petitioner, the United States'

11  response, and the Court's Orders.

12        No transcript of Petitioner's change of plea and

13  sentencing on December 8, 2008 has been filed with the Court.   28

14  U.S.C. § 753(f) provides:

15              Fees for transcripts furnished in proceedings
                brought under section 2255 of this title to
16              persons permitted to sue or appeal in forma
                pauperis shall be paid by the United States
17              out of money appropriated for that purpose if
                the trial judge or a circuit judge certifies
18              that the suit or appeal is not frivolous and
                that the transcript is needed to decide the
19              issue presented by the suit or appeal.

20  Petitioner is not entitled to copies of transcripts or other

21  court records at Government expense until he actually brings a

22  post-conviction motion.   *See United States v. Lucatero*, 2007 WL

23  1747077 (E.D.Cal.2007); *United States v. Soto-Valdez*, 2009 WL

24  1311954 (D.Ariz.2009).   Therefore, the Court is without authority

25  to order the Clerk of the Court to provide copies of the

26  requested documents.

1   The Court will not order Mr. McGinnis to perform an idle

2   act, thereby subjecting him to the possibility of contempt of

3   court.   The Bureau of Prisons correctly states the sentence

4   imposed on Petitioner.   Petitioner waived the right to bring a

5   post-conviction challenge to his sentence.

6   For the reasons stated, Petitioner's "Pro Se Motion to

7   Request That This Honorable Court 'Order' Counsel Michael J.

8   McGinnis to Supply Defendant with All the Requested Legal

9   Documents" is DENIED WITHOUT PREJUDICE.

10   IT IS SO ORDERED.

11   **Dated:    March 16, 2010**                          **/s/ Oliver W. Wanger**
                                                          UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26