1

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT FOR THE

7                      EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,      )        No. CV-F-10-1125 OWW
                                  )        (No. CR-F-06-311 OWW)
10                                )
                                  )        ORDER RE PETITIONER'S MOTION
11              Plaintiff/        )        FOR STATUS OF POST-
                Respondent,       )        CONVICTION MOTIONS
12                                )
          vs.                     )
13                                )
                                  )
14 FERNANDO PONCE GARCIA,         )
                                  )
15                                )
                Defendant/        )
16              Petitioner.       )
                                  )
17 _____)

18       Petitioner, proceeding *in pro per*, has filed a motion

19 requesting the status of his post-conviction motions.

20       On April 26, 2010, Petitioner filed a motion entitled "Pro

21 Se Nunc Pro Tunc Motion Based on Defendant's 'Actual Innocence

22 Claim' in Behalf of the Illegal Sentence Enhancement, Pursuant to

23 18 U.S.C. § 924(c)(a) (Possession of a Firearm in Furtherance of

24 a Drug Trafficking Crime)."  By Memorandum Decision and Order

25 filed on May 28, 2010 ("May 28 Memorandum Decision"), the Court

26 construed Petitioner's motion to be a motion to vacate, set aside

                                1

or correct sentence pursuant to 28 U.S.C. § 2255 and ordered Petitioner to file a pleading advising whether or not he consents to the recharacterization of his motion as a Section 2255 motion. The May 28 Memorandum Decision was served by mail at his current address at FCC Coleman-Medium on May 28, 2010.  Petitioner received the May 28 Memorandum Decision because, on June 18, 2010, Petitioner filed a Section 2255 motion and because the May 28 Memorandum Decision was not returned as undeliverable.

Petitioner's Section 2255 motion was denied by Memorandum Decision and Order filed on July 7, 2010 ("July 7 Memorandum Decision") and a certificate of appealability was denied.  The July 7 Memorandum Decision was served by mail on Petitioner at his current address at FCC Coleman-Medium on July 7, 2010. Service of the July 7 Memorandum Decision has not been returned by the U.S. Postal Service as undeliverable or for any other reason.

The status of Petitioner's post-conviction motions is that both have been denied and Petitioner has been properly served with the decisions denying those motions.  There is nothing left to address.

IT IS SO ORDERED.

Dated:    October 21, 2010              _____/s/ Oliver W. Wanger_____
                                        UNITED STATES DISTRICT JUDGE