IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES**,<br><br>             Plaintiff,<br>     v.<br><br>**FERNANDO PONCE GARCIA**,<br><br>             Defendants.<br>_____/ | Case No.: 1:06-cr-00311-AWI-2<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR LACK OF SUBJECT MATTER JURISDICTION** |

    Defendant Fernando Ponce Garcia was convicted of conspiracy to distribute and possess methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Defendant has moved to dismiss the indictment pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of "exclusive legislative and subject matter jurisdiction." Doc 143. He argues that Congress lacks the authority to criminalize conduct occurring outside of Federal land. The Defendant is incorrect.

    As a preliminary matter, Defendant's motion – challenging his detention – is appropriately construed as a motion pursuant to 28 U.S.C. § 2255. *See Harrison v. Ollison*, 519 F.3d 952, 955 (With limited exception, section 2255 is the "exclusive procedural mechanism" for a federal prisoner to challenge the legality of detention.) (citation omitted). However, before "recharacterizing" a pro se prisoner's motion as a Section 2255 motion, the Supreme Court requires the district court to (1) notify the pro se prisoner that the court intends to recharacterize the pleading, and (2) provide the prisoner a chance to withdraw his motion or amend it so that it

includes all of the Section 2255 claims he believes he has. *Castro v. United States*, 540 U.S. 375, 381 (2003). Even if this court were to recharacterize defendant's motion, a federal prisoner may not bring a second or successive § 2255 motion in district court unless permission is first granted by the appellate court. 28 U.S.C. § 2255(h)(1-2). This Court denied Defendant's prior motion to vacate pursuant to § 2255 on July 7, 2010. Doc 138. Defendant has not sought permission from the Ninth Circuit. Even if Defendant's motion were recaracterized, this Court would not have jurisdiction to hear it.

Moreover, even if Defendant's substantive challenge to this Court's jurisdiction were properly before the Court, the substance of defendant's motion is without merit. Congress has the authority to criminalize drug activity – interstate and intrastate – under the Controlled Substances Act because such activity affects interstate commerce. *United States v. Tisor*, 96 F.3d 370 (9th Cir. 1996); *United States v. Staples*, 85 F.3d 461 (9th Cir. 1996); *see* U.S. Const. art. I, § 8, cl. 3. The United States may prosecute violations of the Controlled Substances Act, like Defendant's, in federal court. *See* 21 U.S.C. § 841(a); *Gonzales v. Raich*, 545 U.S. 1, 22, 29 (2005). This Court has jurisdiction to hear cases arising from violations of the United States Constitution or federal law. 28 U.S.C. § 1331.

Defendant's motion is without merit. IT IS HEREBY ORDERED THAT defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

IT IS SO ORDERED.

Dated:  November 17, 2015                                     _____
                                                                                                        SENIOR DISTRICT JUDGE