UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO PONCE GARCIA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES,<br><br>Respondent | CASE NO. 1:06-CR-0311 AWI<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE<br><br>(Doc. No. 151) |

On September 15, 2008, pursuant to a plea bargain, Petitioner Fernando Ponce Garcia pleaded guilty to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (possession of methamphetamine with intent to distribute) and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime). See Doc. Nos. 126, 127.

On December 8, 2008, Petitioner was sentenced to 168 months in custody for the methamphetamine offense and to 60 months in custody for the firearm offense, the sentences to run consecutively. See Doc. Nos. 129, 130.

On July 7, 2010, Petitioner's first 28 U.S.C. § 2255 petition was denied. See Doc. No. 138.

On November 17, 2015, a disguised second 28 U.S.C. § 2255 petition was denied. See Doc. No. 145.

On April 25, 2017, Petitioner filed this untitled motion, which the Court has termed as a motion to reduce sentence. Petitioner seeks relief in light of the recent Supreme Court decision in *Dean v. United States*, 197 L.Ed.2d 490 (2017). Although Petitioner does not cite a particular

statute through which he seeks relief, it appears that 28 U.S.C. § 2255 is the applicable statute because, as a general rule, § 2255 provides the exclusive procedural mechanism for a federal prisoner to test the legality of his sentence.[1] See Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); United States v. Washington, 653 F.3d 1057, 1060 (9th Cir. 2011).

The problem that Petitioner faces is that this is not his first § 2255 petition. Section 2255(h) permits a federal prisoner to file a successive § 2255 petition. See 28 U.S.C. § 2255(h); Washington, 653 F.3d at 1059. However, before filing a successive § 2255 petition in the district court, the prisoner must first obtain a certification from the appropriate circuit court of appeals. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); Washington, 653 F.3d at 1065. If a prisoner does not obtain certification from the appropriate circuit court of appeals, a district court has no jurisdiction to consider a successive § 2255 petition. See Washington, 653 F.3d at 1065. Here, because Petitioner has not obtained permission/certification from the Ninth Circuit Court of Appeals, this Court has no jurisdiction to consider the petition. See id. Therefore, the Court will deny Petitioner's motion. See id.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to reduce sentence (Doc. No. 151) is DENIED without prejudice due to lack of jurisdiction.

IT IS SO ORDERED.

Dated:  April 26, 2017          _____
                                 SENIOR DISTRICT JUDGE

---

[1] Under limited circumstances, a prisoner may file a petition under 28 U.S.C. § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Marrero, 682 F.3d at 1192. To file a § 2241 "escape hatch" petition, a petitioner must: (1) make a claim of actual innocence, and (2) have not had an unobstructed procedural shot at presenting the claim. Id. The petition/motion in this case does not meet the "escape hatch" criteria.