# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>FERNANDO PONCE GARCIA,<br><br>Defendant | CASE NO. 1:06-CR-0311 AWI-2<br><br>ORDER ON MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 154) |

On July 13, 2020, Defendant Fernando Ponce Garcia filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Defendant is currently housed at the Edgefield federal prison in Edgefield, South Carolina. Defendant seeks compassionate release based on his health condition and the Covid-19 pandemic. For the reasons that follow, Defendant's motion will be denied without prejudice.

**PROCEDURAL HISTORY**

On September 15, 2018, Defendant pled guilty to violations of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 846 (conspiracy to distribute and possess with intent to district methamphetamine) and 18 U.S.C. § 924(c)(1) (possessing a firearm in furtherance of drug trafficking crime). See Doc. Nos. 126, 127. On December 1, 2008, Defendant was sentenced to a total term of imprisonment of 228 months confinement (168 months for the drug offenses and 60 months for the firearms offense).

Defendant filed a motion to vacate under 18 U.S.C. § 2255 on June 18, 2010.  See Doc. No. 137.  The petition was denied by Senior District Judge Wanger on July 7, 2010.  See Doc. No. 138.

On May 12, 2020, Defendant states that he submitted a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) to the Warden of Edgefield prison.  The Warden denied the request on June 25, 2020.

On July 13, 2020, Defendant filed this motion.

## **DEFENDANT'S MOTION**

*Defendant's Argument*

Defendant argues that he should receive compassionate release because extraordinary circumstances warrant this release.  Defendant argues that four circumstances support a finding of "extraordinary circumstances":

> 1st, The Covid 19 pandemic.
>
> 2nd, [Defendant] has suffered two almost life ending heart attacks within the past few years, and is currently still having issues and taking medication.
>
> 3rd, [Defendant] is scheduled for deportation in November of 2020.
>
> 4th, Officers have recently tested positive for [Covid 19] here at Edgefield, and [Defendant's] medical issues do place [him] at an elevated risk of mortality should he become infected with [Covid 19].

Doc. No. 154.  Under "home plan," "job plan," and "medical plan," Defendant simply states, "awaiting deportation."  Id.  Under the relief requested, Defendant requests that Court order his immediate deportation.  Id.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons."  United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).  Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons,

> or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i).  Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.

*Discussion*

Initially, Defendant has submitted a denial letter from the Warden of Edgefield that acknowledged Defendant's request for compassionate release.  The letter from the Warden is dated June 25, 2020.  The letter states that it is responding to Defendant's letter of May 12, 2020.  Although the Warden's letter does not state when the Warden received Defendant's request, the Court will assume for purposes of this order that it was received shortly after May 12, 2020, but before May 26, 2020.  That is, the Court will assume that the Warden responded to Defendant after 30 days from the date he received Defendant's request.  The Court makes this assumption because the Court finds it unlikely that it would take approximately 14 days for an inmate's letter to reach the Warden.   With that assumption, Defendant exhausted administrative remedies because the response from the Warden exceeded 30 days from a presumptive date of receipt.  See United States v. Kissi, 2020 U.S. Dist. LEXIS 118956, *17-*20 (E.D. N.Y. June 26, 2020) (explaining various interpretations of the "lapse of 30 days" language of § 3582(c)(1)(A) and adopting the view that a failure of the warden to respond within 30 days of receipt of a release request satisfies the administrative exhaustion requirement).

Having concluded that there is a sufficient indication that Defendant has exhausted his administrative remedies, the Court turns to the basis for Defendant's request for compassionate release/deportation.  Defendant essentially argues that there are officers at Edgefield who have Covid 19 and his health history makes him more susceptible to severe illness from Covid 19.

The problem is that Defendant does not provide sufficient specifics that would warrant relief. The CDC has recognized that people with the following serious heart conditions are at risk for severe Covid 19 illness: heart failure a.k.a. congestive heart failure, coronary artery disease, congenital heart disease, cardiomyopathies, and pulmonary hypertension. See www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions. Defendant does not identify his particular diagnosis or explain how his particular diagnosis constitutes a "serious heart condition" or a cardiovascular disease that increases his risk for severe Covid 19 illness. Without more, the fact that Defendant has an unknown medical condition and suffered two heart attacks at unknown times does not show that Defendant is at an increased risk for severe Covid 19 illness or mortality.

Additionally, the Bureau of Prisons website shows that 11 staff members at Edgefield prison have been diagnosed with Covid 19, but, as of the date of this order, no inmates have tested positive. See www.bop.gov/coronavirus/#:~:text=COVID%2D19%20Cases, 13%2C455%20in%20community%2Dbased%20facilities.&text=Currently%2C%205%2C137%2 0inmates%20and%20603,attributed%20to%20COVID%2D19%20disease. While the fact that 11 staff members have tested positive for Covid 19 is quite troubling, the fact that no inmates have tested positive suggests that the prison is successfully protecting the inmate population. More information is needed regarding Defendant's particular "living situation." For example, is it possible for the Defendant to wear a mask? Is it possible for Defendant to practice social distancing? Does Defendant have access to soap and/or disinfectants? Has the Edgefield prison recognized/characterized Defendant as being particularly "at risk" or taken additional steps to isolate or protect Defendant? Without more from Defendant regarding the circumstances that he faces at Edgefield, the fact that staff, but no inmates, have contacted Covid 19 does not justify compassionate release or immediate deportation.

Given these considerations, the Court will deny Defendant's motion for compassionate release without prejudice because Defendant has not sufficiently shown that extraordinary circumstances exist. Defendant is free to file a new motion with additional information.

4

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. [154] ) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  July 16, 2020                              _____
                                                                          SENIOR  DISTRICT  JUDGE