UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>FERNANDO PONCE GARCIA,<br><br>Defendant | CASE NO. 1:06-CR-0311 AWI-2<br><br>**ORDER ON MOTION FOR RECONSIDERATION**<br><br>(Doc. No. 157) |

On July 13, 2020, Defendant Fernando Ponce Garcia filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). On July 16, 2020, the Court denied the motion for compassionate release without prejudice. See Doc. No. 155. The Court explained that there was insufficient information provided by Defendant with respect to his particular medical condition and with respect to the "living conditions" at the federal prison in Edgefield, South Carolina. See id. The Court also noted that no inmates and 11 staff were Covid 19 positive at the time of the denial. See id.

By operation of the mailbox rule, the Defendant filed a motion for reconsideration on July 29, 2020. See Doc. No. 157. Defendant explains that the federal defender is attempting to obtain his medical records, and that the Court's order was manifestly unjust because the Court denied his motion for compassionate release before giving him the opportunity to supplement his motion. See id. Defendant also explains that the Edgefield prison has an outbreak of Covid 19, is on full lockdown, and only permits inmates to leave their cells to shower and to make phone calls three times a week. See id.

Reconsideration is not warranted.  Defendant clearly misunderstands the Court's denial of his motion for compassionate release.  The Court denied the motion and explained why relief was not warranted.  The Court expressly stated that Defendant was free to file another motion that provided additional information.  That ruling stands.  If Defendant can provide the information that was identified by the Court in the denial, then all Defendant has to do is file a new motion with that new information.  Such a process is similar to requesting supplementation and is clearly not manifestly unjust.[1]

Additionally, the Court notes that the federal defender's office is now representing the Defendant.  The order appointing the federal defender indicates that the appointment is made in connection with compassionate release.  See Doc. No. 156.  Because Defendant is now represented by counsel, he may no longer make filings in this case on a pro se basis.  See <u>Riel v. Warden, San Quentin State Prison</u>, 2020 U.S. Dist. LEXIS 19336, *2 n.1 (E.D. Cal. Feb. 5, 2020); <u>Greenspan v. IAC?InterActiveCorp.</u>, 2016 U.S. Dist. LEXIS 190045, *2 n.1 (N.D. Cal. May 5, 2016).  All further filings in this matter are to be made by Defendant's appointed counsel.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for reconsideration (Doc. No. 157) is DENIED;
2. All further filings in the matter are to be made by his appointed counsel; and
3. Defendant remains free through appointed counsel to file a new motion for compassionate release that contains additional information that would support compassionate release.

IT IS SO ORDERED.

Dated:   August 11, 2020                          _____
                                                   SENIOR DISTRICT JUDGE

---

[1] The Court notes that Defendant's representation about a Covid 19 outbreak appears accurate.  The Bureau of Prisons website indicates that, as of the date of this order, 60 inmates and 23 staff have tested positive for Covid 19 at the Edgefield prison.  See https://www.bop.gov/coronavirus/#:~:text=COVID%2D19%20Cases&text=There%20are%201%2C444%20federal%20inmates,attributed%20to%20COVID%2D19%20disease.